UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

STACEY D. COX,                        )
                                      )   No. CV-10-283-CI
            Plaintiff,                )
                                      )
v.                                    )   ORDER GRANTING DEFENDANT'S
                                      )   MOTION FOR SUMMARY JUDGMENT
MICHAEL J. ASTRUE,                    )   AND DENYING PLAINTIFF'S
Commissioner of Social                )   MOTION FOR SUMMARY JUDGMENT
Security,                             )
                                      )
            Defendant.                )
                                      )

    BEFORE THE COURT are cross-Motions for Summary Judgment (ECF No.
13, 17.)  Attorney Maureen J. Rosette represents Plaintiff; Special
Assistant United States Attorney Benjamin J. Groebner represents
Defendant.  The parties have consented to proceed before a magistrate
judge.  (ECF No. 7.)  After reviewing the administrative record and
briefs filed by the parties, the court **GRANTS** Defendant's Motion for
Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

                          **JURISDICTION**

    Plaintiff Stacey D. Cox (Plaintiff) protectively filed for
disability insurance benefits on May 27, 2008.  (Tr. 9.)  Plaintiff
alleged disability began January 1, 2003.  (Tr. 146.)  Benefits were
denied initially and on reconsideration.  (Tr. 96, 108.)  Plaintiff
requested a hearing before an administrative law judge (ALJ), which

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

1  was held before ALJ Robert S. Chester on January 21, 2010. (Tr. 37-
2  63.)   Plaintiff was represented by counsel and testified at the
3  hearing.  (Tr. 39-59.)  Vocational expert Daniel McKinney also
4  testified.  (Tr. 60-62.)  The ALJ denied benefits and the Appeals
5  Council denied review. (Tr. 1, 9-22.)  The instant matter is before
6  this court pursuant to 42 U.S.C. § 405(g).

7                          **STATEMENT OF FACTS**

8        The facts of the case are set forth in the administrative hearing
9  record and will, therefore, only be summarized here.

10        Plaintiff was 32 years old at the time of the hearing.  (Tr. 39.)
11  Plaintiff went to school through the tenth grade and has a GED.  (Tr.
12  41.)  Her last job was in 1997 picking eggs at an egg farm.  (Tr. 41-
13  42.)  She left that job because she was pregnant and was put on bed
14  rest.  (Tr. 42.)  She also has work experience as a cashier at a
15  convenience store, a telemarketer and a housekeeper.  (Tr. 42, 60.)
16  Plaintiff testified she has not worked since 1997 because she has
17  posttraumatic stress disorder due to domestic violence.  (Tr. 43.)
18  She said she has pain and numbness in her feet due to second and third
19  degree burns sustained when she was a child.  (Tr. 43-45.)  She also
20  experiences radiating pain and numbness in her lower back.  (Tr. 45-
21  46.)  Plaintiff testified she has extreme pain in her upper back and
22  neck which causes headaches a couple of times a week.  (Tr. 47.)  She
23  also has pain in her abdomen every day.  (Tr. 49.)  She experiences
24  diarrhea four to six times per day four days per week.  (Tr. 49-50.)
25  Plaintiff testified she suffers from anxiety and depression.  (Tr.
26  54.)  She has been treated for alcohol abuse and prescription narcotic
27  abuse.  (Tr. 58.)

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not

substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

evaluation process for determining whether a claimant is disabled.  20
C.F.R. §§ 404.1520, 416.920.   Step one determines if he or she is
engaged in substantial gainful activities.  If the claimant is engaged
in substantial gainful activities, benefits are denied.  20 C.F.R. §§
404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities,
the decision maker proceeds to step two and determines whether the
claimant has a medically severe impairment or combination of
impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If
the claimant does not have a severe impairment or combination of
impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third
step, which compares the claimant's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude   substantial   gainful   activity.   20   C.F.R.   §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App.
1.  If the impairment meets or equals one of the listed impairments,
the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents the claimant from
performing work he or she has performed in the past.  If plaintiff is
able to perform his or her previous work, the claimant is not
disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At
this step, the claimant's residual functional capacity ("RFC")
assessment is considered.

If the claimant cannot perform this work, the fifth and final

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT –5

step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

However, a finding of "disabled" does not automatically qualify a claimant for disability benefits.  *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001.)  When there is medical evidence of drug or alcohol addiction, the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability.  20 C.F.R. §§ 404.1535(a), 416.935(a).  It is the claimant's burden to prove substance addiction is not a contributing factor material to her disability.  *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

If drug or alcohol addiction is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining

1 limitations would be disabling. 20 C.F.R. §§ 404.1535(b)(2),
2 416.935(b)(2).

3                        **ALJ'S FINDINGS**

4        At step one of the sequential evaluation process, the ALJ found
5 Plaintiff has not engaged in substantial gainful activity since May
6 27, 2008, the application date. (Tr. 11.) At step two, the ALJ found
7 Plaintiff has the following severe impairments: post-traumatic stress
8 disorder (PTSD) and depression. (Tr. 11.) At step three, the ALJ
9 found Plaintiff does not have an impairment or combination of
10 impairments that meets or medically equals any of the impairments
11 listed in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 12.) The ALJ then
12 found, "the claimant has the residual functional capacity to perform
13 a full range of work at all exertional levels but with the following
14 nonexertional limitations: she is limited to simple, non-complex work
15 involving infrequent interaction with the general public and no more
16 than superficial contact with co-workers." (Tr. 14.) At step four,
17 the ALJ determined Plaintiff is capable of performing past relevant
18 work. (Tr. 21.) As a result, the ALJ concluded Plaintiff has not
19 been disabled, as defined in the Social Security Act, since May 27,
20 2008, the date the application was filed. (Tr. 21.)

21                           **ISSUES**

22       The question is whether the ALJ's decision is supported by
23 substantial evidence and free of legal error. Specifically, Plaintiff
24 asserts the ALJ erred by: (1) failing to identify any severe physical
25 impairments; (2) improperly rejecting medical opinions; (3) made an
26 improper credibility finding; and (4) posing an incomplete
27 hypothetical to the vocational expert. (ECF No. 14 at 11-19.)
28 Defendant argues the ALJ: (1) properly determined Plaintiff is not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

credible; (2) properly evaluated the medical evidence; (3) properly determined Plaintiff does not have a severe physical impairment; and (4) properly determined Plaintiff's RFC and posed a hypothetical to the vocational expert which takes into account Plaintiff's mental limitations. (ECF No. 18 at 4-20.)

**DISCUSSION**

**A.   Credibility**

Plaintiff argues the ALJ did not make a proper credibility finding regarding her irritable bowel syndrome symptoms. (ECF No. 14 at 15-16.)  In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.   20 C.F.R. § 416.908.   The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms.   20 C.F.R. § 4416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms.   *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346.   The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings.   *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).   The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

Plaintiff testified she "has to be really close to a bathroom facility" due to diarrhea. (Tr. 49.) She testified she has diarrhea four to six times per day four times per week. (Tr. 50.) Plaintiff said she stays in the restroom up to 45 minutes at a time. (Tr. 50.) Plaintiff asserts the ALJ did not properly consider her testimony or reject her symptoms regarding her limitations from irritable bowel syndrome. (ECF No. 14 at 15.) Plaintiff argues the ALJ "failed to provide any reasons as to why her need to use the restroom was not credible and what facts led to that conclusion." (ECF No. 14 at 16.)

However, the ALJ specifically addressed Plaintiff's allegation that she makes frequent urgent trips to the restroom. The ALJ stated,

"The claimant testified to frequent restroom visits because of IBS, yet the medical evidence is essentially absent of any complaints in this regard." (Tr. 18.)  The record contains references to IBS, but there is no mention of complaints of frequent urgent trips to the restroom. (E.g., Tr. 738, 834, 838, 910, 921, 923, 930, 935.)  There are some references to diarrhea, but no medical provider recorded concerns or reports about the frequency or urgency of diarrhea rising to the level of a work-related limitation. (E.g., Tr. 496, 530, 534, 764, 812, 821, 864, 917.)  One emergency room physician opined Plaintiff's symptoms did not arise solely from IBS and questioned possible drug-seeking behavior. (Tr. 569.)  The ALJ also pointed out that Plaintiff's colonoscopy showed no evidence of abnormality. (Tr. 18, 742.)  Thus, the ALJ specifically cited the testimony rejected and the evidence supporting her conclusion and the ALJ did not err.

In addition, the ALJ gave other clear and convincing reasons supported by substantial evidence for finding Plaintiff not credible, none of which are challenged by Plaintiff. (Tr. 15-20.)  In support of the negative credibility finding, the ALJ cited:  a lack of supporting objective medical evidence (Tr. 15-20); Plaintiff's complaint of symptoms not reported to medical providers (Tr. 15-16); non-compliance with recommended treatment (Tr. 16); Plaintiff's drug-seeking behavior (Tr. 16-18); evidence that Plaintiff exaggerated her symptoms and was seeking benefits for secondary gain and not due to disability (Tr. 17-18); evidence that Plaintiff modifies her presentation based on what she wants the end result to be (Tr. 19); and Plaintiff engaged in activities inconsistent with alleged limitations (Tr. 18).  These are all permissible considerations in making a credibility assessment and the ALJ cited substantial evidence

1  supporting each reason for rejecting Plaintiff's testimony.  *See* 20

2  C.F.R. § 416.929(c)(2); S.S.R. 96-7p; *Thomas*, 278 F.3d at 958; *Smolen*

3  *v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *Fair,* 885 F.2d at 603.

4  As a result, the ALJ did not err.

5  **B.   Medical Evidence**

6       Plaintiff argues the ALJ failed to properly reject the opinions

7  of two physicians, Dr. Weir and Dr. Phillips. (ECF No. 14-15.)  In

8  disability proceedings, a treating physician's opinion carries more

9  weight than an examining physician's opinion, and an examining

10  physician's opinion is given more weight than that of a non-examining

11  physician.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004);

12  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If the treating

13  or examining  physician's opinions are not contradicted, they can be

14  rejected only with "clear and convincing" reasons.  *Lester*, 81 F.3d at

15  830.  If contradicted, the opinion can only be rejected for "specific"

16  and "legitimate" reasons that are supported by substantial evidence in

17  the record.  *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

18  Historically, the courts have recognized conflicting medical evidence,

19  the absence of regular medical treatment during the alleged period of

20  disability, and the lack of medical support for doctors' reports based

21  substantially on a claimant's subjective complaints of pain as

22  specific, legitimate reasons for disregarding a treating or examining

23  physician's opinion.  *Flaten v. Secretary of Health and Human Servs.*,

24  44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

25       Plaintiff argues the ALJ did not set forth specific and

26  legitimate reasons supported by substantial evidence in rejecting Dr.

27  Weir's and Dr. Phillips' opinions.

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT –11

**1.   Dr. Weir**

Dr. Weir examined Plaintiff on May 17, 2007. (Tr. 665-669.) On examination, Dr. Weir noted normal gait, station and ambulation; positive straight leg raising; positive findings on 18 of 18 fibromyalgia trigger points; the ability to stand on toes and squat; and decreased sensation to light touch in the right foot. (Tr. 667-69.)  Dr. Weir diagnosed chronic lumbosacral strain, neuropathy of the right foot, PTSD, fibromyalgia, osteoarthritis and headaches. (Tr. 669.) He opined that Plaintiff is limited by lumbosacral strain but is capable of standing and/or walking for about six hours in an eight-hour day with breaks every two hours; is capable of sitting for six hours in an eight-hour day with breaks every two hours; is capable of lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; and is capable of occasionally bending, stooping, crouching, and crawling. (Tr. 669.)  The ALJ rejected Dr. Weir's opinion. (Tr. 17.)

Plaintiff asserts the ALJ gave no reasons for rejecting Dr. Weir's opinion. (ECF No. 14 at 14.) However, the ALJ discussed Dr. Weir's opinion in detail and explained why the opinion was rejected. (Tr. 17.)  The ALJ concluded Dr. Weir's assessed limitations are inconsistent with his examination. (Tr. 17.)  A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Thomas*, 278 F.3d at 957.  The ALJ pointed out there is little in Dr. Weir's findings indicating lumbosacral strain warranting postural limitations. (Tr. 17.) Further, the ALJ pointed out objective evidence inconsistent with the limitations assessed by Dr. Weir. (Tr. 17, 20.)  The consistency of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12

a medical opinion with the record as a whole is a relevant factor in evaluating a medical opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). The ALJ noted a May 2007 lumbar x-ray showed only mild end plate changes and no evidence of acute fracture or dislocation and a November 2007 cervical x-ray reflected no acute findings and in May. (Tr. 17, 670, 759.)  Additionally, the ALJ pointed out that during a psychological examination by Dr. Everhart ten days before Dr. Weir's examination, Dr. Everhart observed no pain behavior.  (Tr. 17, 663.) These are specific, legitimate reasons supported by substantial evidence for rejecting Dr. Weir's opinion.

Furthermore, the ALJ observed that even if Dr. Weir's assessment accurately reflected Plaintiff's limitations at that time, the same limitations are not reflected during the period after May 2008, the application date.[1]  The ALJ thoroughly detailed the medical evidence, including the opinion of Dr. Tomeh, an orthopedist who examined Plaintiff in February 2009.  (Tr. 18, 1000-002.)  Dr. Tomeh diagnosed

---

[1]Under Title XVI, benefits are not payable before the date of application.  20 C.F.R. §§ 416.305, 416.330(a); S.S.R. 83-20.  The ALJ properly considered evidence dated before the application date, but noted that impairments which may have been considered severe before the date of application are not severe as of the application date because the evidence does not establish them as causing more than a minimal limitation on the ability to perform basic work activities. (Tr. 12.); 20 C.F.R. § 416.912.  The period at issue for an SSI claim is the period between the date of application and the ALJ's decision. *See Cruse v. Bowen*, 867 F.2d 1183, 1185 (10th Cir. 1989).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13

functional low back pain and noted review of x-rays of the lumbar
spine showed good alignment, no listhesis and no narrowing of the disc
spaces. (Tr. 1001.) Plaintiff scored 5/5 in all areas on the lower
extremity motor exam scale and normal in all areas on the on the lower
extremity sensory exam. (Tr. 1001.) The ALJ reasonably interpreted
the evidence after the date of application to reflect no continuing
limitations. It is the ALJ's duty to resolve conflicts and ambiguity
in the medical and non-medical evidence. *See Morgan v. Commissioner*,
169 F.3d 595, 599-600 (9th Cir. 1999). It is not the role of the court
to second-guess the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.
1984). The ALJ's conclusions are supported by substantial evidence in
the record and the ALJ did not err in rejecting Dr. Weir's opinion.

### 2.    Dr. Phillips

Plaintiff argues the ALJ failed to properly reject the opinion of
Dr. Phillips. (ECF No. 14 at 14.) On July 19, 2006, Dr. Phillips
performed Plaintiff's hysterectomy. (Tr. 443-44.) He noted a long
history of gynecological problems including fibroids and polycystic
ovarian disease. (Tr. 458.) On July 23, July 30, August 2, and
August 9 of 2006, Plaintiff sought emergency room treatment for
abdominal pain. (Tr. 437, 546, 549, 583.) On July 23, Plaintiff was
treated for constipation in the emergency room, but otherwise was
noted to have benign exams and was in no distress during ER visits.
(Tr. 546, 549.) It was noted that Plaintiff had a history of drug-
seeking behavior. (Tr. 546.) Plaintiff called Dr. Phillips' office
on August 10 seeking stronger pain medication. (Tr. 472.)

On August 17, 2006, Dr. Phillips completed a DSHS Request for
Medical Information form. (Tr. 405-06.) He opined that Plaintiff was
unable to stand or sit for prolonged periods and was unable to lift.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -14

(Tr. 405.) He also indicated that Plaintiff's condition was expected to last more than 12 months if her eight year-old son was not removed from the home.[2] (Tr. 406.) The last record from Dr. Phillips is a note that Plaintiff called the office in September 2006 and was "adamant" about getting pain medication. (Tr. 450.) Plaintiff's insurance would not authorize payment for the prescription without Dr. Phillips' signature because the previous prescription had been filled too recently. (Tr. 450.) Dr. Phillips refused to authorize the prescription. (Tr. 450.) No other records from Dr. Phillips are included in the transcript.

The ALJ did not discuss Dr. Phillips' opinion that Plaintiff was limited in sitting, standing and lifting. Plaintiff argues the ALJ failed to properly reject the opinion and that it should be credited. (ECF No. 14 at 14.) The ALJ need not discuss all evidence presented, but must explain why significant probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984); *see also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Dr. Phillips' August 17, 2006, opinion was recorded shortly after abdominal surgery and nearly two years before Plaintiff's application date. Furthermore, Dr. Phillips noted Plaintiff's condition would be expected to last more than 12 months only if Plaintiff's eight year-old son remained in the home. (Tr. 406.) Plaintiff's son reportedly moved from the home in December 2006. (Tr. 659, 729.) Dr. Phillips August 2006 opinion is not particularly relevant to Plaintiff's condition at the date of application and does not suggest a continuing

---

[2]Plaintiff reported her son has bipolar disorder and severe behavioral problems. (Tr. 659, 729.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -15

disability.  The ALJ pointed out that the most important evidence was the evidence post-application date of May 27, 2008.  (Tr. 15-16.) Although the ALJ considered earlier evidence and discussed much of that evidence, Dr. Phillips' records do little to illuminate Plaintiff's limitations at the time of application.  As a result, Dr. Phillips statement of limitations is not significant probative evidence and the ALJ did not err by failing to discuss his opinion.

**C.   Step Two**

Plaintiff argues the ALJ erred by failing to identify any physical condition as a severe impairment at step two.  (ECF No. 14 at 13-14.)  Specifically, Plaintiff argues the ALJ should have found chronic lumbosacral strain, neuropathy of the right foot, fibromyalgia, osteoarthritis and a history of headaches are severe impairments.  (ECF No. 14 at 13.) At step two of the sequential process, the ALJ must determine whether Plaintiff suffers from a "severe" impairment, i.e., one that significantly limits his or her physical or mental ability to do basic work activities.  20 C.F.R. § 416.920(c).  To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. § 416.908.  The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations.  *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549050 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT –16

claims at step two.   Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." S.S.R. 85-28.   The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in S.S.R. 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987).   "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." S.S.R. 85-28.   Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting." *Id.*

As explained in the Commissioner's policy ruling, "medical evidence alone is evaluated in order to assess the effects of the impairments on ability to do basic work activities." S.S.R. 85-28. Thus, in determining whether a claimant has a severe impairment, the ALJ must evaluate the medical evidence.

Plaintiff argues the opinions of Dr. Phillips and Dr. Weir support finding additional severe impairments.   (ECF No. 14 at 13.) As discussed *supra*, the ALJ properly rejected the opinion of Dr. Weir and Dr. Phillips' opinion is not particularly probative of Plaintiff's limitations at the time of application.   Plaintiff further argues her testimony establishes additional severe impairments.   (ECF No. 14 at 15.)   As also discussed *supra*, the ALJ's credibility determination is supported by clear and convincing reasons and by substantial evidence.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -17

The ALJ discussed the evidence supporting the step two findings in detail, citing the substantial evidence in the record in support. (Tr. 11-12.) Therefore, the ALJ did not err at step two.

**D.   RFC and Hypothetical**

Plaintiff argues the ALJ erred by posing a hypothetical to the vocational expert which does not take into account all of Plaintiff's mental limitations. (ECF No. 14 at 18-19.) The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflects all of the claimant's limitations. *Osenbrook v. Apfel*, 240 F.3D 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). Plaintiff argues the ALJ failed to take into account all of the mental limitations assessed by Dr. Flanagan in formulating the RFC and hypothetical to the vocational expert. (ECF No. 14 at 18.)

Dr. Flanagan, a reviewing psychologist, completed a Mental Residual Functional Capacity Assessment form on February 3, 2009. (Tr. 960-63.) She assessed five moderate limitations in the following areas: the ability to maintain attention and concentration for extended periods; the ability to work in coordination with or proximity to others without being distracted by them; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; the ability to interact appropriately with the public; and the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (Tr. 960-61.) The explanatory comments indicate, "Clmt appears cognitively intact and capable of simple and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -18

complex tasks.   May have difficulty with persistence, pace and concentration on occasion due to physical symptoms.   Nonetheless capable of productive work." (Tr. 962.)   Dr. Flanagan also opined that Plaintiff would work best without frequent interaction with the general public or coworkers. (Tr. 962.)

The ALJ noted Dr. Flanagan's findings and did not reject them. (Tr. 13-14, 20.)   The ALJ formulated an RFC containing the following mental limitations: Plaintiff is limited to simple, non-complex work involving infrequent interaction with the general public and no more than superficial contact with co-workers. (Tr. 14.)   Plaintiff argues the ALJ should have also included a limitation on concentration, persistence and pace in the RFC and the hypothetical to the vocational expert.   (ECF No. 14 at 19.)    However, Dr. Flanagan indicated difficulty with concentration, persistence and pace "may" occur "on occasion" and would be caused by physical symptoms. (Tr. 962.)   Dr. Flanagan based her opinion in part on Dr. Bailey's January 29, 2009, examination. (Tr. 955-58.)   Dr. Bailey noted that regarding concentration and persistence, Plaintiff's cognition is generally intact. (Tr. 957.)   He indicated persistence is mostly limited by physical problems by Plaintiff's self-report. (Tr. 957.)   Since the physical symptoms reported by Plaintiff were determined to be not credible by the ALJ, and the limitations on concentration, persistence and pace identified by Dr. Bailey and Dr. Flanagan depend on physical symptoms, the ALJ did not err by failing to include a limitation on concentration, persistence and pace in the RFC and hypothetical to the

vocational expert.[3]

The RFC is supported by substantial evidence in the record and the hypothetical to the vocational expert properly incorporated the limitations identified by the ALJ.  The hypothetical posed to the vocational expert contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record.  The ALJ's reliance on testimony the VE gave in response to the hypothetical therefore was proper. *See Magallenes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (holding that it is proper for an ALJ to limit a hypothetical to restrictions supported by substantial evidence in the record). *Bayliss v. Barnhart*, 427 F. 3d 1211, 1217-18 (9th Cir. 2005).  As a result, the ALJ did not err.

CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.  Accordingly,

**IT IS ORDERED:**

1.  Defendant's Motion for Summary Judgment **(Ct. Rec. 17)** is **GRANTED.**

---

[3]Other supporting evidence cited by the ALJ includes the psychological assessment of Dr. Everhart in May 2007 who determined Plaintiff's attention, concentration and intellectual ability appeared within normal limits (Tr. 19, 663); and the psychological evaluation by Dr. Guzzardo in September 2007 who opined Plaintiff did not demonstrate inattention, impulsivity, motor restlessness or distractability but did demonstrate mild difficulty with sustained attention (Tr. 20, 733-34).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -20

1        2.    Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is

2    **DENIED**.

3        The District Court Executive is directed to file this Order and

4    provide a copy to counsel for Plaintiff and Defendant.  Judgment shall

5    be entered for Defendant and the file shall be **CLOSED**.

6        DATED December 29, 2011.

7

8                           S/ CYNTHIA IMBROGNO
                       UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -21